ACCEPTED
01-15-00867-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/28/2015 9:11:19 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00867-CV

---

**FIRST COURT OF APPEALS**

**HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/28/2015 9:11:19 PM

CHRISTOPHER A. PRINE
Clerk

---

**PENN VIRGINIA OIL & GAS GP, L.L.C. & PENN VIRGINIA OIL AND GAS, L.P.,**
**Appellants.**

**V.**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/28/2015 9:11:19 PM
CHRISTOPHER A. PRINE
Clerk

**ALFREDO DE LA GARZA, INDIVIDUALLY AND AS NEXT FRIEND FOR XXXXXX XX XX XXXXX AND XXXXXXXX XX XX XXXXX, MINORS**

**&**

**JOHN PAUL ADAME, INDIVIDUALLY AND AS NEXT FRIEND OF XXXXXXXXX XXXXXX XXXXX, XXXX XXXX XXXXX XXX, AND XXXX XXXXXXXX XXXXX, MINORS,**
**Appellees.**

---

**On Appeal from the 215ᵗʰ Judicial District Court,**
**Harris County, Texas**
**Cause No. 2014-42519**

---

**APPELLEES' RESPONSE TO APPELLANTS' MOTION TO STAY UNDERLYING TRIAL COURT LITIGATION**

---

**TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:**

NOW COMES Appellee John Paul Adame, individually and as next friend for XXXXXXXXX XXXXXX XXXXX, XXXX XXXX XXXXX XXX, AND XXXX XXXXXXXX XXXXX, minors, and files this Appellees' Response to Appellants, Penn Virginia Oil & Gas GP, LLC and Penn Virginia Oil & Gas L.P.'s Motion to Stay Underlying Trial Court Litigation, and in support thereof would respectfully show the Court the following:

## Introduction & Summary of Response

1. The trial court signed an order denying appellants' Motion to Compel Arbitration and to Abate as to claims filed by Appellee John Paul Adame, individually and as next friend for his minor children, on September 11, 2015. A copy of this order is attached as **Exhibit "A"**. On October 12, 2015, the trial court signed an order denying appellants' Motion for Reconsideration of the trial court's order denying appellants' Motion to Compel Arbitration. A copy of this order is attached as **Exhibit "B"**. This arbitration ruling is now pending before the Court.

2. The trial court granted appellants' motion to compel arbitration and to abate as to Intervenor Ernesto Gonzalez, Jr. in the underlying lawsuit. This order was signed on November 24, 2015 and provided that Mr. Gonzalez's claims would be abated. A copy of this order is attached as **Exhibit "C"**. Intervenor Ernesto Gonzalez, Jr. has filed a Motion for Reconsideration of Order Granting Motion to Compel Arbitration. This motion is set for hearing on January 15, 2016. A copy of this motion is attached as **Exhibit "D"**.

3. On December 8, 2015, appellants filed a motion to abate the De La Garza and Adame appellees' claims pending the Gonzalez arbitration.

4. The underlying litigation should not be stayed as to the De La Garza or Adame appellees. The general rule provides that a stay will only be ordered when arbitration or a motion for arbitration is granted by the trial court. While there are circumstances where parallel litigation will be stayed as to a party not subject to arbitration, appellants have failed to meet their burden to mandate a stay in this case. Appellants have failed to show that continuing the underlying litigation as to the De La Garza and Adame appellees would in any way waste judicial time or resources, create potentially damaging consequences to the Gonzalez

arbitration or interfere with the Court of Appeal's jurisdiction or the subject matter of this appeal.

**Argument and Authorities**

5. Tex. Civ. Prac. & Rem. Code § 171.021(c) provides that "An order compelling arbitration must include a stay of proceeding subject to Section 171.025." Tex. Civ. Prac. & Rem. Code § 171.025 states that :

> (a) The court shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter.
> (b) The stay applies only to the issue subject to arbitration if that issue is severable from the remainder of the proceeding.
> Tex. Civ. Prac. & Rem. Code Ann. § 171.025.

6. 9 U.S.C. § 3 provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C.A. § 3.

In some circumstances, the courts have allowed for stays of underlying parallel litigation brought by parties not subject to an arbitration agreement. In the case of *In re Ghanem*, 203 S.W.3d 896, 899 (Tex. App. 2006), the appellate court conditionally granted a writ of mandamus as to a trial court's order refusing to completely stay parallel litigation brought by nonsignatory to an arbitration agreement. The Beaumont court focused on the potential harm to the arbitration by allowing nonsignatories to arbitration agreements to proceed with

litigation and noted the policy favoring arbitration. The court also looked to whether proceeding with litigation would destroy the signatory's right to a meaningful arbitration, citing *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.,* 372 F.3d 339, 343 (5th Cir.2004) (citing *Adams v. Ga. Gulf Corp.,* 237 F.3d 538, 541 (5th Cir.2001)). The court held that, "Additionally, the record indicates the three-factor test for invoking the section 3 mandatory stay discussed in Waste Management, Inc. has been met, viz: (1) similarity of operative facts; (2) inseparability of claims; and (3) effect of the litigation on the arbitration. *See Waste Mgmt., Inc.,* 372 F.3d at 344–45; 9 U.S.C.A. § 3."

7. Appellants have not shown inseparability of claims between the Adame claims and Ernesto Gonzalez, Jr.'s claims.

8. Appellants have failed to show any "potentially damaging consequences" to the Gonzalez arbitration in allowing the De La Garza and Adame litigation to continue as is required in *In re Ghanem*.

9. Appellants argue that it would be difficult for the parties to mediate meaningfully and frustrate the resolution process absent a ruling from the Court of Appeals as to whether the De La Garza and Adame litigation is subject to arbitration. There is no showing that mediation would be more difficult or would "frustrate the resolution process" in this case.

## Conclusion

10. Appellants have failed to meet their burden of proving that allowing the De La Garza and Adame litigation to proceed would in any way affect, harm or adversely impact Ernesto Gonzalez, Jr.'s arbitration. Appellants have failed to show any basis for a stay of the De La Garza and Adame litigation.

## Prayer

Wherefore, premises considered, appellees, John Paul Adame, XXXXXXXXX XXXXXX XXXXX, XXXX XXXX XXXXX XXX, AND XXXX XXXXXXXX XXXXX, minors, pray that this Court deny appellants' motion to stay underlying trial court litigation and for such other and further relief to which they may be entitled, whether in law or in equity.

Respectfully submitted,

THE GUTIERREZ LAW FIRM, INC.

By:   /S/ J. JAVIER GUTIERREZ
J. Javier Gutierrez
State Bar No. 24045997
javier@gutierrezlawfirm.com
Ana Laura Gutierrez
State Bar No. 24069843
ana@gutierrezlawfirm.com
700 East Third Street
Alice, Texas 78332
Telephone: (361) 664-7377
Facsimile: (361) 664-7245

Attorneys for Appellees John Paul Adame,
Individually and as Next Friend of XXXXXXXXX
XXXXXX XXXXX, XXXX XXXX XXXXX XXX
and XXXX XXXXXXXX XXXXX

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record as listed below, by the method of service indicated, on this the 28th day of December, 2015.

By: /S/ J. JAVIER GUTIERREZ
J. Javier Gutierrez

**Via Email**
Mr. John David Hart
Law Office of John David Hart
Wells Fargo Tower
201 Main St. Ste. 1720
Fort Worth, Texas 76102

**Via Email**
Mr. Thomas J. Smith
Mr. Kelly C. Hartmann
Ms. Alexis M. Butler Hester
Galloway, Johnson, Tompkins,
Burr & Smith
1301 McKinney, Suite 400
Houston, Texas 77010

**Via Email**
Mr. Brit T. Brown
Mr. Benjamin A. Escobar, Jr.
Beirne, Maynard & Parsons, L.L.P.
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056

**Via Email**
Mr. J.J. Knauff
The Miller Law Firm
Turtle Creek Centre
3811 Turtle Creek Blvd., Ste. 1950
Dallas, Texas 75219

*P-1*
*CPRO*
*PABAY*

EXHIBIT
A

CAUSE NO. 2014-42519

| | | |
|---|---|---|
| ALFREDO DE LA GARZA, INDIVIDUALLY and AS NEXT FRIEND FOR REDACTED and REDACTED , minors | § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| PENN VIRGINIA OIL & GAS, L.P., PENN VIRGINIA OIL & GAS GP LLC, MIKE FERGUSON, TRIFECTA OILFIELD SERVICES, LLC, CUDD PRESSURE CONTROL, INC., ROYWELL SERVICES, INC., and OAKS PERSONNEL SERVICES, INC. d/b/a THE OAKS GROUP | § § § § § § § § § | 215th JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANTS, PENN VIRGINIA OIL & GAS, L.P. AND PENN VIRGINIA OIL & GAS GP LLC'S MOTION TO COMPEL ARBITRATION AND TO ABATE

On __11TH__ day of __September__ , 2015, came to be considered Defendants, Penn Virginia Oil & Gas, L.P. and Penn Virginia Oil & Gas GP LLC's Motion to Compel Arbitration and to Abate. After considering the motion and hearing the arguments of counsel, this Court is of the opinion that the Motion should be DENIED~~, and that Plaintiffs' claims against Defendant Mike Ferguson and Defendant Oaks Personnel Services, Inc. d/b/a The Oaks Group be severed from and proceed to trial on October 19, 2015~~.

**FILED**
Chris Daniel
District Clerk

SEP 11 2015

Time: _____
Harris County, Texas
By _____
Deputy

SIGNED this __11TH__ day of __September__ , 2015

_____
Elaine H. Palmer
JUDGE, 215TH DISTRICT COURT

Order Denying Defendants, Penn Virginia Oil & Gas, L.P. and Penn Virginia Oil & Gas GP LLC's     Page 1 of 1
Motion to Compel Arbitration and to Abate



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 23, 2015

Certified Document Number:        66994917 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/5/2015 12:22:25 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 7226643
By: SPENCER, JEANETTA
Filed: 10/5/2015 12:22:25 PM

Pgs-1

RECSY

CAUSE NO. 2014-42519

| | | |
|---|---|---|
| ALFREDO DE LA GARZA,<br>INDIVIDUALLY and AS NEXT FRIEND<br>FOR REDACTED and<br>REDACTED , minors | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| PENN VIRGINIA OIL & GAS, L.P.,<br>PENN VIRGINIA OIL & GAS GP LLC,<br>and MIKE FERGUSON | §<br>§<br>§<br>§ | 215th JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANTS, PENN VIRGINIA OIL & GAS, L.P. AND PENN VIRGINIA OIL & GAS GP LLC'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO COMPEL ARBITRATION

On this the ___ day of October, 2015, came to be heard and considered Defendants, Penn Virginia Oil & Gas, L.P. and Penn Virginia Oil & Gas GP LLC's Motion for Reconsideration of Order Denying Motion to Compel Arbitration in the above-styled and numbered cause, and the Court having considered said motion and response is of the opinion that the motion should be in all things DENIED.

It is therefore ORDERED, ADJUDGED and DECREED that Defendants, Penn Virginia Oil & Gas, L.P. and Penn Virginia Oil & Gas GP LLC's Motion for Reconsideration of Order Denying Motion to Compel Arbitration is DENIED.

It is further ordered that the statements in the Affidavit of Ernest W. Nelson regarding intent be stricken in their entirety.



SIGNED AND ORDERED this the ___ day of October, 2015.

Signed:
10/12/2015

JUDGE PRESIDING

Order Denying Defendants, Penn Virginia Oil & Gas, L.P. and Penn Virginia Oil & Gas GP LLC's
Motion for Reconsideration of Order Denying Motion to Compel Arbitration

Page 1 of 1

Certified Document Number: 67408422 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 23, 2015

Certified Document Number:        67408422 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/3/2015 3:41:31 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 7665857
By: SPENCER, JEANETTA
Filed: 11/3/2015 3:41:31 PM
Pgs-1

CAUSE NO. 2014-42519

| | | |
|---|---|---|
| ALFREDO DE LA GARZA, INDIVIDUALLY and AS NEXT FRIEND FOR REDACTED and REDACTED , minors | § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | HARRIS COUNTY, TEXAS |
| PENN VIRGINIA OIL & GAS, L.P., PENN VIRGINIA OIL & GAS GP, LLC, MIKE FERGUSON, TRIFECTA OILFIELD SERVICES, LLC, CUDD PRESSURE CONTROL, INC., ROYWELL SERVICES, INC. and OAKS PERSONNEL SERVICES, INC. d/b/a THE OAKS GROUP | § § § § § § § § § | 281ST JUDICIAL DISTRICT |

**ORDER ON DEFENDANTS, PENN VIRGINIA OIL & GAS, L.P. AND PENN VIRGINIA OIL & GAS GP, LLC'S MOTION TO COMPEL ARBITRATION AND TO ABATE CLAIMS FILED BY INTERVENOR, ERNESTO GONZALEZ, JR.**

On the _____ day of _____, 2015, the Court considered Defendants Penn Virginia Oil & Gas, L.P. and Penn Virginia Oil & Gas GP, LLC's Motion to Compel Arbitration and to Abate the claims filed by Intervenor, Ernesto Gonzalez, Jr., pending such arbitration. After considering the motion, this Court GRANTS Defendants Penn Virginia Oil & Gas, L.P. and Penn Virginia Oil & Gas GP, LLC's Motion to Compel Arbitration and to Abate.

Therefore, Intervenor, Ernesto Gonzalez, Jr., is ORDERED to arbitrate his claims against Penn Virginia Oil & Gas, L.P. and Penn Virginia Oil & Gas GP, LLC in accordance with the Nabors Dispute Resolution Program.

It is further ORDERED that the claim asserted by Intervenor, Ernesto Gonzalez, Jr., shall be ABATED until the resolution of such arbitration.

Signed:
11/24/2015

_____
PRESIDING JUDGE



Certified Document Number: 67999138 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 28, 2015

Certified Document Number:        67999138 Total Pages: 1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/2/2015 4:28:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8060281
By: bradley darnell
Filed: 12/2/2015 4:28:28 PM

CAUSE NO. 2014-42519

| | | |
|---|---|---|
| ALFREDO DE LA GARZA, INDIVIDUALLY AND AS NEXT FRIEND FOR REDACTED AND REDACTED MINORS, *Plaintiffs*, | § § § § § § § § § § | IN THE DISTRICT COURT |
| JOHN PAUL ADAME, INVIDUALLY AND AS NEXT FRIEND OF REDACTED REDACTED ., MINORS *Intervenor* | § § § § § § § | |
| ERNESTO GONZALEZ, JR. *Intervenor* | § § § | |
| VS. | § § | 215TH JUDICIAL DISTRICT |
| PENN VIRGINIA OIL & GAS, L.P.; PENN VIRGINIA OIL & GAS GP, L.L.C.; MIKE FERGUSON; TRIFECTA OILFIELD SERVICES, L.L.C.; CUDD PRESSURE CONTROL, INC.; AND ROYWELL SERVICES, INC.; OAKS PERSONNEL INC., D/B/A THE OAKS GROUP *Defendants* | § § § § § § § § § | HARRIS COUNTY, TEXAS |

## ERNESTO GONZALEZ, JR.'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO COMPEL ARBITRATION

TO THE HONORABLE JUDGE OF SAID COURT:

Intervenor, Ernesto Gonzalez, Jr. ("Gonzalez"), respectfully files this Motion for

Reconsideration of this Court's order granting Defendants Penn Virginia Oil & Gas GP,

LLC & Penn Virginia Oil & Gas, L.P.'s (collectively "Penn Virginia") Motion to Compel

Arbitration and Abate Claims filed by Intervenor Ernesto Gonzalez, Jr. In support of this

Motion for Reconsideration, Intervenor Gonzalez would respectfully show as follows:



1

On June 18, 2015, Penn Virginia filed its Motion to Compel Arbitration and Abate the claims of Plaintiffs Alfredo De La Garza, individually and as next friend of his minor children, and Intervenor John Paul Adame, individually and as next friend of his minor children (hereinafter referred to as "First Motion to Compel"). In their First Motion to Compel, Penn Virginia argued that Plaintiff De La Garza and Intervenor Adame's claims are subject to arbitration because (1) Penn Virginia agreed to participate in Nabors Industries, Inc.'s (NII) Dispute Resolution Program ("DRP"), which purports to require arbitration, as "Electing Entities"; and (2) Plaintiff De La Garza and Intervenor Adame are signatories to an agreement to participate in NII's DRP as well. Among the documents that Penn Virginia cited to support their argument were a 2008 contract between Penn Virginia L.P. (PVLP) and Nabors Drilling USA, LP (NDUSA); a 2010 contract between Penn Virginia MC, Energy LLC (PVMC) and NDUSA; and an affidavit signed by Ernest W. Nelson, dated September 11, 2015 in which Mr. Nelson makes statements regarding Penn Virginia's "intent" regarding the 2008 and 2010 contracts. Plaintiff and Intervenor Adame filed responses to Penn Virginia's First Motion to Compel in which they argued that their claims against Penn Virginia were not subject to arbitration. Plaintiff De La Garza and Intervenor Adame argued that Plaintiff De La Garza and Intervenor Adame were not parties to the DRP because the parties to the DRP were: (1) PVLP and PVMC, and their parent, subsidiary and affiliated corporations, as well as the employees, officers and directors of each; and (2) the present and former employees and applicants of NII. Plaintiff De La Garza and Intervenor Adame further argued that Plaintiff De La Garza and Intervenor Adame were not employees or applicants of NII, but were employees of Nabors Completion and Production Services

2

(NCPS). At the time of the incident that is the basis of Plaintiff De La Garza's and Intervenor Adame's claims, NCPS was a separate entity of NII, and NCPS and NII were both subsidiaries of Nabors Industries Ltd. ("NID"). Plaintiff De La Garza and Intervenor Adame also objected to the affidavit of Ernest W. Nelson because any evidence of intent violates the parol evidence rule, as parol evidence is only admissible if a contract is ambiguous, and there was no showing that either contract was ambiguous. Plaintiff De La Garza and Intervenor Adame further argued that the contract that covers the work performed on the date of the incident is a Master Service Contract (MSC) that was entered into on March 28, 2013 between Penn Virginia Oil and Gas Corporation ("PVOG"), PVLP, PVMC and Plaintiff De La Garza and Intervenor Adame's employer NCPS. An oral hearing was conducted on September 11, 2015 and this Court issued an order denying Penn Virginia's First Motion. Penn Virginia then filed a Motion for Reconsideration of Order Denying Motion to Compel Arbitration on October 1, 2015. Attached to Penn Virginia's Motion for Reconsideration, was another affidavit from Ernest W. Nelson dated October 1, 2015, which again purported to explain Penn Virginia's "intent" with regard to the 2008 and 2010 contracts. On October 12, 2015 this Court signed an order denying Penn Virginia's Motion for Reconsideration and further ordered that the statements in the Affidavit of Ernest W. Nelson regarding intent be stricken in their entirety.

On November 3, 2015 Penn Virginia filed its Motion to Compel Arbitration and to Abate Claims filed by Intervenor Ernesto Gonzalez, Jr. This motion was virtually identical to Penn Virginia's First Motion to Compel. Attached to Penn Virginia's Motion to Compel Arbitration and to Abate Claims filed by Intervenor Ernesto Gonzalez, Jr., was

the same affidavit dated October 1, 2010 signed by Ernest W. Nelson, containing the same statements regarding "intent" that this Court previously ordered be stricken in their entirety. Intervenor Gonzalez timely filed a Response, which made the same arguments as Plaintiffs De La Garza and Intervenor Adame made in their response to Penn Virginia's First Motion to Compel. An oral hearing was conducted November 20, 2015. On November 22, 2015 this Court issued an order granting Penn Virginia's Motion to Compel Arbitration and Abate Claims filed by Intervenor Ernesto Gonzalez, Jr.

This Court's order granting Penn Virginia's Motion to Compel Arbitration and to Abate the claims of Ernesto Gonzalez, Jr. produces a result that is inconsistent with this Court's previous ruling on Penn Virginia's First Motion to Compel. It would be unfair for Intervenor Gonzalez to be compelled to arbitration and for his claims to be abated because Plaintiff De La Garza, Intervenor Adame, and Intervenor Gonzalez are identically situated with regard to their claims. Intervenor Gonzalez was a coworker of Plaintiff De La Garza and Intervenor Adame at the time of the incident, was also an employee of NCPS, and he was also injured during the same incident. As such, the issue of whether or not their claims are subject to arbitration should be treated identically. Furthermore, Penn Virginia did not present any arguments in their Motion to Compel Arbitration and Abate the claims of Intervenor Gonzalez that were not considered in Penn Virginia's First Motion to Compel. Intervenor Gonzalez urges this Court to follow the precedent that was set when this Court ruled that Plaintiff De La Garza and Intervenor Adame's claims are not subject to arbitration, as there is a strong presumption that precedents should be followed to foster efficiency, fairness and legitimacy. *Weiner v. Wasson,* 900 S.W.2d 316, 320 (Tex. 1995).

4

For the reasons set forth in Intervenor Gonzalez's Response to Penn Virginia's Motion to Compel Arbitration and to Abate Claims filed by Intervenor Ernesto Gonzalez, Jr., Intervenor Gonzalez respectfully requests that the Court reconsider the pleadings, the evidence set forth therein, and the arguments made by Intervenor Gonzalez.

<u>PRAYER</u>

For the foregoing reasons, Intervenor Ernesto Gonzalez, Jr. would urge this court to reconsider its order granting Penn Virginia's Motion to Compel Arbitration and to Abate Claims Filed by Intervenor Ernesto Gonzalez, Jr. Should this Court grant Intervenor Gonzalez's Motion for Reconsideration, Intervenor Gonzalez would urge the Court to reverse its decision and issue an order denying Penn Virginia's Motion to Compel Arbitration and to Abate Claims filed by Intervenor Ernesto Gonzalez, Jr. Intervenor Gonzalez also requests all other and further relief, both special and general, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ Ana Laura Gutierrez
Ana Laura Gutierrez
State Bar No. 24069843
ana@gutierrezlawfirm.com
J. Javier Gutierrez
State Bar No.
javier@gutierrezlawfirm.com
THE GUTIERREZ LAW FIRM
700 E. Third Street
Alice, Texas 78332
(361) 664-7377 Telephone
(361) 664-7245 Facsimile

Attorneys for Intervenor
Ernesto Gonzalez, Jr.

5

<u>Certificate of Conference</u>

I certify that I have conferred via email with Alexis B. Hester, counsel for Defendants Penn Virginia Oil & Gas GP, LLC & Penn Virginia Oil & Gas, L.P., and she has stated that they are opposed to this Motion.

/s/ *Ana Laura Gutierrez*
Ana Laura Gutierrez


<u>Certificate of Service</u>

The undersigned attorney does hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record as listed below, by the method of service indicated, on this 2<u>nd</u> day of December, 2015.

/s/ *Ana Laura Gutierrez*
Ana Laura Gutierrez

**Via Email**
John David Hart
Law Office of John David Hart
Wells Fargo Tower
201 Main St. Ste. 1720
Fort Worth, Texas 76102
*Attorney For Plaintiffs*

**Via Email**
Alexis M. Butler
Thomas J. Smith
Galloway Johnson Tompkins Burr & Smith, PLC
1301 McKinney Street
Suite 1400
Houston, Texas 77010
*Attorneys for Defendants Penn Virginia, Trifecta Oilfield Services, LLC, Mike Ferguson, The Oaks Group, and Roywell Services, Inc.*

**Via Email**
Benjamin A. Escobar Jr.
Brit T. Brown
Beirne Maynard & Parsons, LLP
1300 Post Oak Blvd., Ste. 2500
Houston, Texas 77056
*Attorneys For Defendant Cudd Pressure Control, Inc.*